**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DAMON KETCHENS, Civil No. 01-939 (JRT/ESS)

Petitioner,

v. **REPORT AND RECOMMENDATION**

MARTY C. ANDERSON,

Respondent.

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner Demon Ketchens's pro se application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1]. Respondent Marty C. Anderson has filed an answer contending that the petition should be denied on the ground that the issues raised therein do not justify federal relief [Docket No. 9]. These proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition for writ of habeas corpus be denied with prejudice.

## I. BACKGROUND

In 1987 Petitioner was convicted in the Central District of California of conspiracy to distribute narcotics and possession with intent to distribute narcotics. See Initial Prehearing Assessment, Docket No. 10, Ex. No. 3. The following year in the Northern District of Florida, Petitioner was convicted of four drug related offenses. Id. For these offenses Petitioner was sentenced to an aggregate prison term of 40 years. See Sentence Monitoring Computation Printout, Docket No. 10, Ex. No. 1).

Prior to Petitioner's first parole hearing in July 1997, a prehearing assessment stated that Petitioner was involved in the distribution of cocaine through street gangs in Los Angeles, and

FILED JAN 2 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

that records in his own handwriting account for the distribution of approximately 1,800 pounds of cocaine valued at nearly $19,000,000 during one four month period in 1986. See Initial Prehearing Assessment, Docket No. 10, Ex. No. 3. Petitioner was believed to be the bookkeeper and accountant for a large scale drug distribution organization. Id.; see also Presentence Report for the Northern District of Florida, Docket No. 10, Ex. No. 2. The prehearing assessment also stated that as Petitioner's offense behavior is rated as category eight, and his salient factor score is seven, his guideline range is 120 plus months.[1] Ex. No. 3 at 2.

At his parole hearing Petitioner admitted to having been the accountant for the drug distribution organization for approximately two and a half years, and he stated that he had received between $2 million and $3 million for his efforts. See Initial Hearing Summary, Docket No. 10, Ex. No. 4. The initial hearing summary also noted that David McGee, Assistant United States Attorney for the Northern District of Florida had written to prison officials in 1994 commending Petitioner's cooperation in testifying against one of the leaders of the drug distribution organization. Id. at 1-2. The summary further noted that Petitioner had completed several college courses for which he made the Dean's List. Id. at 2. The panel conducting the hearing recommended that Petitioner be continued to a presumptive parole after the service of 243 months, which would give him a release date of May 11, 2007.[2] Id. at 3. The panel stated

---

[1] The paroling policy guidelines indicate the customary range of time to be served before release for various combinations of offense (severity) and offender (salient factor) characteristics. See 28 C.F.R. § 2.20.

[2] The initial hearing summary noted that Petitioner's sentence had already been reduced by approximately 10 years by the court due to his cooperation. See Initial Hearing Summary, Ex. No. 4 at 3. A reduction of 41 months from Petitioner's two-thirds date of 320 months was recommended for Superior Program Achievement, and an additional 3 year reduction was also recommended for unspecified reasons, giving a recommended sentence of 243 months. Id.

that its reasons for its decision were that Petitioner had been a part of the extremely large scale on-going distribution of cocaine over a period of more than two and one half years, and that in a four month period in 1986 the organization received and distributed "over %18 million (sic) dollars in cocaine which was approximately 18,000 (sic) pounds." Id. The panel also noted that Petitioner's gain from this distribution was between $2 million and $3 million. Id.

By a notice of action dated August 19, 1997, the Respondent informed Petitioner that he was to continue to a presumptive parole after the service of 243 months, or May 11, 2007. See Notice of Action, Docket No. 10, Ex. No. 6. Respondent stated that a decision of more that 48 months above the guidelines was warranted for the same reasons stated in the initial hearing summary. Id. As in the initial summary, the notice of action erroneously stated that amount of cocaine involved was 18,000, and not 1,800 pounds. Id. Petitioner's appeal of this notice of action was rejected by the National Appeals Board. See Notice of Action on Appeal, Docket No. 10, Ex. No. 8. The Appeals Board stated that the Parole Commission had in accordance with its rules provided Petitioner with reasons justifying a decision more than 48 months above the guideline minimum, and that Petitioner had not provided evidence to persuaded the Commission that the information it relied on in making its determination was inaccurate. Id.

Following an interim hearing on July 14, 1999, it was recommended that Petitioner should have his sentence reduced by 30 months, which would set his presumptive parole date at November 11, 2004. See SIH/Review Hearing Summary, Docket No. 10, Ex. No. 9 at 5. The examiner recommended a 24 month reduction for Petitioner's completion of 33 1/4 hours of business related courses at a junior college and the completion of 23 semester hours of a correspondence course for a paralegal certificate. Id. The examiner detailed the efforts of Petitioner's representative to gather evidence of Petitioner's cooperation with the offices of the

United States Attorney in three districts[3] and recommended that Petitioner be granted a 6 month reduction in sentence for his "exceptional assistance." Id. at 2-3, 5. The examiner also noted that error in the amount of cocaine referred to in the 1997 initial hearing summary and notice of action was a "significant matter." Id. at 4. The examiner averred that he did not have any information from the Parole Commission file that this error was known at anytime during the review process in 1997, and that apparently the decision to release after 243 months was based on the belief that Petitioner was involved in the distribution of 18,000 pounds of cocaine. Id. Without making a formal recommendation, the examiner stated that if the 1997 examiners truly believed that 18,000 and not 1,800 pounds of cocaine was involved, then Petitioner should serve 156 months for his offenses. Id.

The examiner's recommendation was not adopted. In an addendum attached to the review hearing summary, a second examiner recommended no change in the presumptive parole date of May 11, 2007. Id. at 5. This examiner stated that the additional information regarding Petitioner's cooperation did not provide new information, and that Petitioner had already been awarded a 10 year reduction in sentence by the court for his cooperation and been awarded a further reduction for cooperation following the initial hearing. Id. In addition, this examiner stated that the reference to 18,000 pounds of cocaine appeared to be a typographical error because the initial hearing examiner appeared to be well aware that the amount of cocaine involved was 1,800 pounds.[4] Id. This examiner averred that 20 years in custody was not an

---

[3] The letter from AUSA McGee written in 1994 was not in the file at the time of the 1999 interim hearing despite the fact that the initial hearing examiners stated it would be placed in Petitioner's file. See Ex. No. 4 at 2 and Ex. No. 9 at 2-3.

[4] The examiner who prepared the initial prehearing assessment, Ex. No. 3, which stated that1,800 pounds of cocaine was involved, also conducted the initial hearing. See Ex. No. 4.

excessive sentence for 1,800 pounds of cocaine. This examiner also recommended that no award for superior program achievement be granted because he believed that a 24 month reduction in sentence for 33 hours of college and 23 hours of correspondence school was excessive. Id.

An order of the Parole Commission was signed by the first examiner recommended the 30 month reduction in sentence, but two other examiners signed to a recommendation of no change in the presumptive parole date. Se Order, Docket No. 10, Ex. No. 10. However, a notice of action was sent to the Petitioner on July 29, 1999, which stated that no change in the presumptive parole date of May 11, 2000 (sic) had been ordered. See Notice of Action, Docket No. 10, Ex. No. 11. In addition, the "Reasons" section of this notice of action stated that the decision included a 24 month reduction for superior program achievement as well as a 6 month reduction for exceptional assistance. Id. A "Correct Notice of Action dated July 29, 1999" was sent to Petitioner on December 17, 1999, which stated that there was no change in Petitioner's presumptive parole date of May 11, 2007, and which removed the language concerning the reasons for a reduction in sentence. See Notice of Action, Docket No. 10, Ex. No. 12.

Petitioner appealed this corrected notice of action. Petitioner contended that the initial hearing examiner based his recommendation of release after 243 months on the erroneous belief that 18,000 pounds of cocaine were involved, and that it was disingenuous for a subsequent hearing examiner to ascribe this erroneous amount to typographical error. See Inmate's Explanation of Appeal, Docket No. 10, Ex. No. 13 at 4-5. Furthermore, Petitioner argued that he was entitled to an additional reduction in his sentence due to his exceptional cooperation and his superior program achievement. Id. at 6-11. Finally, Petitioner contended that, given his position in the drug distribution organization and the amount of cocaine involved, he had received disparate treatment in sentencing. Id. at 11-12.

The National Appeals Board denied the appeal because petitioner's claim that the initial decision was based on the erroneous belief that 18,000 pounds of cocaine was involved was meritless. See Notice of Action on Appeal, Docket No. 10, Ex. No. 14. The board noted that the prehearing assessment listed the correct amount of 1,800 pounds and the same examiner who performed the prehearing assessment also conducted the hearing. Id. The board also stated that leniency was not warranted for Petitioner based on parole decisions in unrelated cases and that Petitioner had provided no significant mitigating factors to merit amending the 243 month presumptive parole date. Id.

On May 29, 2001, Petitioner filed the instant petition for a writ of habeas corpus.

## II. DISCUSSION

### A. Parole Guidelines

Petitioner first argues that the respondent acted outside the scope of its discretion by not adhering to its own rules and guidelines. See Habeas Corpus Mot., Docket No. 3 at 9. He claims that the Respondent failed to show good cause for extending his sentence more than 48 months above the minimum guidelines as required by 18 U.S.C. § 4206(c). Id. at 9-11. Petitioner also contends that Respondent failed to state with particularity the reasons for making this decision. Id. at 11-17. In order to consider these claims, a discussion of basic parole procedures is required.

A prisoner serving a sentence of more that 30 years, such as Petitioner, is eligible for release on parole after serving 10 years of his sentence. 18 U.S.C. § 4205. As a general matter, an eligible prisoner will be released on parole if the parole commission determines that release "would not deprecate the seriousness of his offense or promote disrespect for the law" and "release would not jeopardize the public welfare." 18 U.S.C. § 4206(a). If parole is denied the

commission must furnish notice to the prisoner, and that notice must "state with particularity" the reasons for the denial. 18 U.S.C. § 4206(b).

As noted above, the paroling policy guidelines found at 28 C.F.R. § 2.20 indicate the customary range of time to be served before release for various combinations of offense and offender characteristics. See *supra* Note 1. Petitioner, who has an offense severity rating of category eight and a salient factor score of seven, has a guideline range of 120 plus months. See 28 C.F.R. § 2.20. There is no maximum limit to category eight offenses. See id., note 1. If the parole commission grants or denies parole "notwithstanding the guidelines," it must have determined that there is good cause for its action, and it must furnish the prisoner with written notice stating with particularity the reasons for its determination. 18 U.S.C. § 4206(c).

Given the above, Petitioner's claim that the parole commission acted outside its guidelines by failing to show good cause for extending his sentence more than 48 months above the minimum guidelines in violation of 18 U.S.C. § 4206(c) is without merit. Section 4206(c) applies only to decisions made "notwithstanding the [paroling policy] guidelines." A decision made "notwithstanding" the parole guidelines would be one made either above or below the guidelines. See 28 C.F.R. § 2.20(c) ("Where the circumstances warrant, decisions outside of the guidelines (either above or below) may be rendered."). As Petitioner was not eligible for parole until he had served the minimum guideline limit of 120 months, the parole commission could not have granted release after a term below the guidelines. More importantly, as Petitioner's category eight offense does not have a maximum limit, the parole commission could not have granted him release above the guidelines. Therefore, it is not possible for the parole commission to grant or deny release to Petitioner "notwithstanding the guidelines." Section 4206(c) does not apply to Petitioner's parole, and, as a consequence, the commission does not have to make a

determination that good cause exists to make such a decision.

Petitioner is correct, however, that the commission must provide him a written notice that states with particularity the reasons for denying release. See 18 U.S.C. § 4206(b); see also 28 C.F.R. § 2.20, note 1 ("For decisions exceeding the lower limit of the applicable guideline by more than 48 months, the Commission will specify the pertinent case factors upon which it relied in making its decision..."). The Court finds that the commission has satisfied this requirement. The Court makes this determination despite the fact that numerous errors were made on the notice of action memorandums sent to Petitioner.

As noted above, the panel conducting the parole hearing informed Petitioner that its reasons for denying parole were that Petitioner had been a part of the extremely large scale on-going distribution of cocaine over a period of more than two and one half years from which Petitioner had received between $2 million and $3 million, and that in a four month period in 1986 the organization received and distributed "over %18 million (sic) dollars in cocaine which was approximately 18,000 (sic) pounds." Ex. No. 6. Thus the panel provided Petitioner with the specific reasons for the panel's decision. Petitioner contends, however, that the error in the amount of cocaine demonstrates that the initial parole panel misunderstood the facts of his crime, but had they been aware of the correct amount, "there is an excellent chance" that their decision would not have been the same. Habeas Mot. at 12-13. As discussed above, a subsequent panel ascribed this error to a typographical mistake and affirmed the decision of the initial panel.

This Court, however, does not have jurisdiction to review whether the initial panel relied on erroneous information or whether they made a typographical error in their initial hearing summary and in the notice of action sent to Petitioner. In Jones v. United States Bureau of Prisons, 903 F.2d 1178 (8th Cir. 1990), the Eighth Circuit joined several other circuits in holding

that the courts do not have the jurisdiction to review the substantive decisions of the parole commission to grant or deny parole. Jones, 903 F.2d at 1183. A court has jurisdiction only to review actions taken by the commission which violate statutory, regulatory or constitutional provisions. Caporale v. Gasele, 940 F.2d 305, 306 (8th Cir. 1991), citing Jones, 903 F.2d at 1183-85. Moreover, a court has "no jurisdiction to review the Commission's factual findings which were necessary components of its ultimate decision." Jones, 903 F.2d at 1185. On this point, in Jones the habeas petitioner, who had pleaded guilty to kidnapping, manslaughter and armed robbery, contended that his hearing examiner had mischaracterized the facts of his case by stating that two victims died when only one victim died. Id. The court held that it did not have jurisdiction to review the petitioner's claim because the factfinding process is committed to the commission's discretion. Id. Similarly, this Court does not have jurisdiction to review whether Petitioner's parole panel mischaracterized the facts of his case.

B. Denial of Superior Program Achievement

Petitioner next argues that the parole commission acted in an arbitrary and capricious manner in failing to award him credit for superior program achievement. See Habeas Mot. at 17-19. He contends that the examiner at his initial hearing misunderstood the distinction between good time and parole, which led to the denial of a reduction for superior program achievement. Id. at 17-18. He also contends that the commission acted arbitrarily when it made numerous errors that are "fundamental to a fair parole process." See id. at 19-21.

The regulation which authorizes the awarding of superior program achievement states, "Prisoners who demonstrate superior program achievement (in addition to a good conduct record) may be considered for a limited advancement of the presumptive date [of parole]." 28 C.F.R. § 2.60 (emphasis added). As such, the regulation is written in permissive terms and is

therefore committed to the discretion of the commission. See also Otsuki v. United States Parole Commission, 777 F.2d 585, 587 (10th Cir. 1985) (stating that § 2.60 is written in permissive terms) Thus, for the reasons stated above, the Court does not have jurisdiction to entertain this claim. Furthermore, the Court, which as already noted does not have jurisdiction to review factual errors committed by the commission, does not find that these errors rise to the level of a denial of due process. See Larson v. United States, 907 F.2d 85, 87 (8th Cir. 1990) (allegation that prisoner's time to be served was increased based on unsubstantiated information did not rise to level of due process violation).

C. Apprendi

Petitioner contends that the exercise of discretion by the parole commission violates the rule set forth in the Supreme Court's recent decision in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000). See Habeas Mot. at 24-28. In Apprendi the Court held that any fact, other than a prior conviction, which increases the penalty for a crime beyond the maximum statutory penalty authorized by a legislature must be submitted to a jury and proved beyond a reasonable doubt. Apprendi, 120 S.Ct. at 2362-63. Petitioner, however, admits that "[it] cannot be argued that the Parole Commission on the surface increases a penalty beyond the statutory maximum." Habeas Mot. at 25. Thus Petitioner is aware that the commission's denial of his parole does not violate Apprendi because the commission did not cause an increase the penalty for a crime beyond the maximum statutory penalty authorized by Congress. Furthermore, as noted above, the courts do not have the jurisdiction to review the discretionary decisions of the parole commission.

## III. RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket

No. 1] be **DENIED**;

2. Petitioner's habeas corpus motion [Docket No. 3] be **DENIED**; and

3. This action be **DISMISSED WITH PREJUDICE**.

Dated: January 18, 2002

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.