# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

DAMON G. KETCHENS, Civil No. 01-939 (JRT/ESS)

Petitioner,

v.

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

MARTY C. ANDERSON,
Warden

Respondent.

Damon G. Ketchens, #85588-012, Federal Correctional Institution, Box 1000, Sandstone, Minnesota, 55072, *pro se*.

Margaret Burns Magill, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Petitioner Damon Ketchens, a federal prisoner currently incarcerated at FCI-Sandstone, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 18, 2002, United States Magistrate Judge E. Skipworth Swearingen recommended that petitioner's application for habeas corpus relief be denied and this action be dismissed with prejudice. This matter is now before the Court on petitioner's objections to the report and recommendation.

FILED MAR ... 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ...
DEPUTY CLERK

The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the reasons set forth below, the Court overrules petitioner's objections, adopts the report and recommendation of the Magistrate Judge and denies petitioner's § 2241 petition.

**BACKGROUND**

Petitioner is currently serving a forty-year sentence for a 1987 conviction in the Central District of California for conspiracy to distribute narcotics and possession with intent to distribute narcotics and a 1988 conviction in the Northern District of Florida on four drug-related offenses.[1] In July 1997, petitioner received a parole hearing before a panel of the United States Parole Commission. Prior to that hearing, a prehearing assessment was conducted. The examiner who conducted the assessment stated that petitioner was involved in the distribution of cocaine through street gangs in Los Angeles and that records in his own handwriting account for the distribution of approximately 1,800 pounds of cocaine valued at nearly $19,000,000 during a four-month period in 1986. The assessment also stated that petitioner has an offense severity rating of category eight and a salient factor score of seven, thus placing him in a guideline range of 120 plus months.[2]

---

[1] According to Ketchens' file, the offenses for both convictions were committed on February 2, 1987.

[2] The paroling policy guidelines indicate the customary range of time to be served before release for various combinations of offense (severity) and offender (salient factor)

(Footnote continued on next page.)

At the parole hearing, petitioner admitted to having been the accountant for the drug distribution organization for approximately two and one-half years and stated that he had received between two and three million dollars for his efforts. The initial hearing summary also noted that an Assistant United States Attorney from the Northern District of Florida had written to prison officials in 1994 commending petitioner's cooperation in testifying against one of the leaders of the drug distribution organization and that petitioner had completed several college courses for which he made the Dean's list. The panel conducting the hearing recommended that petitioner be continued to a presumptive parole after the service of 243 months, thus giving him a release date of May 11, 2007. The panel stated that its reasons for its decision were that petitioner had been a part of an extremely large scale on-going distribution of cocaine over a period of more than two and one half years and that in a four-month period in 1986 the organization received and distributed "over 18 million dollars in cocaine which was approximately 18,000 pounds." Petitioner received notice of the Commission's action on August 19, 1997 and the reasons for its decision. As in the initial summary, the notice of action erroneously stated the amount of cocaine involved as 18,000 as opposed to 1,800 pounds. Petitioner appealed to the National Appeals Board, which affirmed the Commission's decision.

(Footnote continued.)
characteristics. 28 C.F.R. § 2.20. Note 1 of regulation § 2.20 explains that there is no maximum limit to category eight offenses.

An interim hearing was held on July 14, 1999. One of the examiners recommended that petitioner's sentence be reduced by 30 months in light of petitioner's completion of 33-¼ hours of business-related courses at a junior college and the completion of 23 semester hours of a correspondence course for a paralegal certificate as well as for his cooperation with authorities. The examiner also noted that error in the amount of cocaine referred to in the 1997 initial summary and notice of action to petitioner was "a significant matter" and averred that reliance on this higher amount could have influenced the Commission's decision. The examiner's recommendation was not adopted as two other examiners signed to a recommendation of no change in the presumptive parole date of May 11, 2007. A second examiner stated that the additional information regarding petitioner's cooperation did not provide new information, and that petitioner had already been awarded a 10-year reduction in sentence by the court for his cooperation and been awarded a further reduction for cooperation following the initial hearing. Additionally, this examiner stated that the reference to 18,000 pounds of cocaine appeared to be a typographical error because the initial hearing examiner appeared to be well aware that the amount of cocaine involved was 1,800 pounds.

On July 29, 1999, petitioner was notified of the decision ordering no change in his presumptive parole date. However, the notice of action listed petitioner's presumptive parole date as May 11, 2000 rather than May 11, 2007. Additionally, the notice of action stated that the decision included a 24-month reduction for superior program achievement as well as a 6-month reduction for exceptional assistance. On December 17, 1999

petitioner received a "correct notice of action dated July 29, 1999" which explained that no change in petitioner's presumptive parole date of May 11, 2007 and removed the language concerning the reasons for a reduction in sentence. Petitioner appealed this corrected notice of action, contending that the initial hearing examiner based his recommendation of release of 243 months on the erroneous belief that 18,000 rather than 1,800 pounds of cocaine were involved. Petitioner also claimed he was entitled to an additional reduction in his sentence for cooperation with authorities and for superior academic program achievement. The National Appeals Board denied the appeal. The Board rejected petitioner's claim that the initial decision was based on the erroneous belief that 18,000 pounds of cocaine were involved. The Board observed that the prehearing assessment listed the correct amount of 1,800 pounds and that the same examiner who performed the prehearing assessment also conducted the hearing. The Board also rejected petitioner's claims for leniency, concluding that petitioner had not provided any significant mitigating factors to merit amending the 243-month presumptive parole date. Petitioner then filed this petition for a writ of habeas corpus.

## DISCUSSION

Petitioner raises numerous arguments in his petition. Specifically, he claims that: 1) the Commission failed to show good cause for extending his sentence more than 48 months above the minimum guidelines as required by 18 U.S.C. § 4206; 2) the Commission failed to state with particularity the reasons for making its decision to set his presumptive parole date at May 11, 2007 as required under § 4206(a) & (b); 3) the

Commission acted in an arbitrary and capricious manner in failing to award him credit for superior program achievement and 4) the Commission's action violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

In his report and recommendation, the Magistrate Judge thoroughly considered these arguments, but ultimately concluded that each was without merit. First, the Magistrate Judge concluded that the good cause standard set forth in § 4206(c) was inapplicable to the facts of this case because, as a category eight offense, there is no maximum limit to the guideline range of petitioner's offense. Therefore, the Commission's decision did not fall outside the guidelines, and thus did not require a showing of good cause. The Magistrate Judge also concluded that the Commission gave petitioner specific reasons for its decision and thus satisfied the statutory requirements of § 4206(b). The Magistrate Judge found this provision satisfied despite the several errors that were made in the notice of action memorandums sent to petitioner. With the respect to the errors, the Magistrate Judge concluded that based on *Jones v. United States Bureau of Prisons,* 903 F.2d 1178, 1183 (8th Cir. 1990), the court lacked jurisdiction to review whether the initial panel relied on erroneous factual information or whether they made a typographical error in their initial hearing summary and in the notice of action to petitioner. The Magistrate Judge made the same determination with respect to petitioner's claim that the Commission erred in failing to credit petitioner for superior program achievement. The applicable regulation provides that "prisoners who demonstrate superior program achievement (in addition to a good conduct record) **may**

be considered for a limited advancement of the presumptive date [of parole]. 28 C.F.R. § 2.60 (emphasis added). Because the regulation is written in permissive terms, the Magistrate Judge concluded that this issue is committed to the discretion of the Commission. Accordingly, the court lacked jurisdiction to review the Commission's substantive decision not to award petitioner credit under *Jones*. The Magistrate Judge also concluded that the errors committed by the Commission did not rise to the level of a denial of petitioner's due process rights. Finally, the Magistrate Judge rejected petitioner's *Apprendi* claim, concluding that the Commission's denial of parole did not cause an increase in the penalty for a crime beyond the statutory maximum penalty.

The Court has reviewed petitioner's objections to the report and recommendation but finds nothing in them which directs findings or conclusions different from the ones reached by the Magistrate Judge. In addition, the Court agrees with the thorough and well-reasoned report of the Magistrate Judge.

Thus, for all the above-stated reasons, the Court overrules petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge.

**ORDER**

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 12] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 11]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 3] is **DENIED**.

2. Petitioner's application for habeas corpus relief [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 31, 2002
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.